UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR 218-33 |
| ) | |
| JOSE VAZQUEZ CORREA ) | |

## PLEA AGREEMENT

Defendant Jose Vazquez Correa, represented by his counsel Ronald E. Harrison, II, Esq., and the United States of America, represented by Assistant United States Attorney Jennifer G. Solari, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Counts 6 and 7 of the Indictment, which charge violations of 18 U.S.C. § 922(a)(1)(A), and Counts 16 and 17 of the Indictment, which charge violations of 18 U.S.C. § 922(g)(5).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Counts 6 and 7 are (1) that Defendant was not licensed to deal firearms; and (2) that Defendant willfully engaged in the business of dealing firearms.

The elements necessary to prove the offense charged in Counts 16 and 17 are (1) that Defendant knowingly possessed a firearm in or affecting commerce; and (2) that, at the time he possessed the firearm, Defendant was illegally and unlawfully in the United States.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees to the accuracy of the following facts, which satisfy each offenses' required elements:

On or about the following dates, in Glynn County, in the Southern District of Georgia, the defendant,

**JOSE VAZQUEZ CORREA,**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms as described below for each count:

| 6 | September 1, 2017 | Mossberg Model AR 22 rifle, S/N JF3119439 |
|---|---|---|
| 7 | September 5, 2017 | Raven Model MP25 .25 caliber pistol, S/N 1575976 |

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

On or about the following dates, in Glynn County, within the Southern District of Georgia, the defendant,

**JOSE VAZQUEZ CORREA**

then being an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting interstate and foreign commerce, the following firearms and ammunition as described below for each count, all of which had previously been transported in interstate and foreign commerce:

| 16 | September 1, 2017 | Mossberg Model AR 22 rifle, S/N JF3119439 |
|---|---|---|
| 17 | September 5, 2017 | Raven Model MP25 .25 caliber pistol, S/N 1575976 and 62 rounds of assorted .22 caliber and .25 caliber ammunition |

2

All in violation of Title 18, United States Code, Section 922(g)(5).

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible sentence:

**For Counts 6 and 7:** 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, and forfeiture of all forfeitable assets.

**For Counts 16 and 17:** 5 years' imprisonment, 3 years' supervised release, a $250,000 fine, and forfeiture of all forfeitable assets.

The Court additionally must impose a $100 special assessment per count of conviction.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible

3

departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7. <u>Forfeiture</u>

   a. Defendant agrees to forfeit his interest in any firearms and ammunition involved or used in the knowing commission of the offense to which he has agreed to plead guilty, specifically: a Mossberg Model AR 22 rifle, S/N JF3119439; and a Raven Model MP25 .25 caliber pistol, S/N 1575976 (collectively "Subject Property").

   b. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

8. <u>Abandonment of Property</u>

   Defendant waives and abandons his interest in any property that may have been seized in connection with this case, including but not limited to the Subject Property identified in paragraph 7a, *supra*, and:

   a Davis Industries Model P30 .380 caliber pistol, S/N AP433399;

   a Cobra CA380 .380 caliber pistol, S/N CP025193;

   a Cobra FS380 .380 caliber pistol, S/N FS022918;

   a Mossberg Model 500A 12 gauge shotgun, S/N R845847;

   a Japanese, Model Arisaka Type 99, 6.5mm caliber rifle, S/N 60738;

   a Hipoint Model CF380 .380 caliber pistol, S/N P859314;

   a KelTec Model PF9 9mm caliber pistol, S/N RPB67; and

5

a Marlin Model 60 .22 caliber rifle, S/N MM12822L.

9. **Financial Obligations and Agreements**

    a. **Special Assessment**

Defendant agrees to pay a special assessment in the amount of $400.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

10. **Waivers**

    a. **Waiver of Appeal**

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b. **Waiver of Collateral Attack**

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

6

      c.      <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.      <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.    <u>Possible Immigration Effects</u>

Pleading guilty may have consequences with respect to immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding. No one, including Defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless agrees to plead guilty regardless of any immigration consequences, even if the consequence is his removal from the United States.

7

12. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

14. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant

waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____
Date

_____
Brian T. Rafferty
Chief, Criminal Division

10/22/18
Date

_____
Jennifer G. Solari
Deputy Chief, Criminal Division

9

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

_8-15-18_
Date

_/s/ J. Vazquez/_
Jose Vazquez Correa, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

_8-15-18_
Date

_/s/ Ronald E. Harrison/_
Ronald E. Harrison, II

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 218-33 |
| | ) | |
| JOSE VAZQUEZ CORREA | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 22nd day of October, 2018.

_____
HON. LISA GODBEY WOOD
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA